**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TIFFANY MARTIN,

          Plaintiff,

     v.                        **Civil Action 2:24-cv-1190**
                                       **Judge James L. Graham**

LOTIC.AI, INC.,                   **Magistrate Judge Chelsey M. Vascura**

          Defendant.

## OPINION AND ORDER

Plaintiff, Tiffany Martin, an Ohio citizen, brings this action against Lotic.AI, Inc., a Texas-based company, alleging that Defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and Ohio Revised Code Chapter 4112 (Pl.'s Compl. 5, ECF No. 1.) This matter is before the Court on Defendant's Motion to Transfer Venue to the United States District Court for the Western District of Texas – Austin. (ECF No. 6.) For the following reasons, Defendant's Motion is **GRANTED.**

### I.     BACKGROUND

Plaintiff began working for Defendant in Ohio in January 2023 as Operations Coordinator. Plaintiff alleges that during her employment, she observed unlawful discriminatory practices, such as conversations supporting reverse discrimination, the exclusion of potential employees based on citizenship, and the running of background checks prior to offers of employment. (Pl.'s Compl. 3, ECF No. 1.) After conveying these observations to her manager on August 30, 2023, and Defendant's CEO on September 1, 2023, she was terminated on September

8, 2023, during a phone call with her manager and CEO, with no explanation beyond a reference to Defendant's reorganization. Plaintiff filed this action on March 14, 2024.

Defendant filed the subject Motion to Transfer Venue on May 13, 2024. (Def.'s Mot., ECF No. 6.) In support of its Motion, Defendant relies upon the Offer Letter Plaintiff signed on January 13, 2023, to accept Defendant's offer of employment. The Offer Letter contains the following forum selection clause:

> Each of the parties hereto irrevocably consents to the exclusive jurisdiction and venue of any federal or state court within Travis County, Texas, in connection with any matter based upon or arising out of this letter, agrees that process may be served upon it in any manner authorized by the laws of the State of Texas for such persons and waives and covenants not to assert or plead any objection that they might otherwise have to jurisdiction, venue and such process. Each party agrees not to commence any legal proceedings based upon or arising out of this letter or the matters contemplated herein (whether based on breach of contract, tort, breach of duty or any other theory) except in such courts.

(Offer Letter, ECF No. 6-1, PAGEID #53.)

Plaintiff acknowledges the forum selection clause in the Offer Letter she signed, but maintains the action should remain in this Court, reasoning that Defendant should anticipate litigating in Ohio given that Plaintiff is an Ohio resident who was working in Ohio and also because Defendant utilized Ohio resources and violated Ohio laws. (*See* ECF No. 11 at 1–2.)

## II.    STANDARDS GOVERNING TRANSFER OF VENUE

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The moving party bears the burden of demonstrating that a change of venue is warranted. *Centerville ALF, Inc. v. Balanced Care Corp.,* 197 F.Supp.2d 1039, 1049 (S.D. Ohio 2002). District courts have broad discretion in ruling on a motion to transfer under § 1404. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). This provision codifies the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is another federal

2

Court. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 61 (2013). When a forum selection clause is not implicated, a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public-interest considerations. *Id.* at 62.

The analysis involves three steps. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 493 (6th Cir. 2016). First, the court determines the amount of deference to be accorded the plaintiff's choice of forum. *Id.* A plaintiff's choice of forum is usually accorded substantial deference as it is assumed to be convenient. *Id.* Step two requires the defendant to establish the availability of an adequate alternative forum. *Id.* Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). The third step requires the court to consider private interests (such as the cost of witnesses or ease of access to sources of proof) and public interests (such as "administrative difficulties or the local interest in having localized controversies decided at home") implicated by dismissal or retention of the case in the plaintiff's chosen forum. *Hefferan*, 828 F.3d at 499, 500. (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart*, 487 U.S. at 31). First, the plaintiff's choice of forum is accorded no deference. *Id.* Ordinarily, a plaintiff may exercise its "venue privilege" by choosing among the available forums where jurisdiction and venue are proper. "But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.*

Second, the parties' private interests are given no consideration. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, as the plaintiff's choice of forum and the parties' private interests carry no weight, all that remains is for the court to evaluate the public interest factors. *Id.* "Because those factors will rarely defeat" a forum selection clause, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Indeed, the Supreme Court has emphasized that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id.* at 59–60 (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J. concurring)).

### III.    ANALYSIS

Plaintiff's Offer Letter contains a forum selection clause; as a result, the Court must first determine whether the clause is (1) applicable to the claims at issue, (2) mandatory, (3) valid, and (4) enforceable. *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 216 (6th Cir. 2021). Plaintiff does not contest that the forum selection clause is applicable to the claims at issue. Additionally, the forum selection clause is mandatory because the parties "irrevocably" consented to "exclusive" jurisdiction and venue of the Courts of Travis County, Texas. (Offer Letter, ECF No. 6-1, PAGEID #53.) Nor does Plaintiff offer any argument or evidence to suggest that the forum selection clause was the product of fraud or overreaching. *Cf. Buckeye Check Cashing of Arizona, Inc. v. Lang*, No. 2:06-CV-792, 2007 WL 641824, at *6 (S.D. Ohio Feb. 23, 2007) (finding that an employer's failure to tell new employees about a forum selection clause until after the employees had already resigned their former employment rendered the forum selection clause fraudulent). The undersigned therefore concludes that the forum selection clause is applicable, mandatory, valid, and enforceable.

Accordingly, this Court must apply the modified *forum non conveniens* analysis in which only public-interest factors are weighed and considered. Public interest factors include administrative difficulties, the application of foreign law, the unfairness of burdening citizens in an unrelated forum with jury duty, or the local interest in having localized controversies decided at home. *Hefferan*, 828 F.3d 488 at 500. The public has a strong interest in applying contracts as they are written, and, as a result, the public interest often favors the enforcement of forum selection clauses. *Rosskamm v. Amazon.com, Inc.*, 637 F.Supp.3d 500, 513 (N.D. Ohio 2022).

To demonstrate that public interest factors such as administrative difficulties and having localized controversies decided at home outweigh the enforcement of a forum selection clause, parties must provide more support than simply being inconvenienced by out-of-state litigation. *See Sharper Impressions Painting Co., v. Thiede*, No. 2:21-CV-02254, 2023 WL 1861451, at *2 (S.D. Ohio Feb. 9, 2023). The parties in *Thiede* entered into a sales management agreement that included a forum selection clause requiring claims to be brought in the Southern District of Ohio. *Id.* at *1. When a dispute arose over the sales management agreement, defendants, residents of Atlanta, Georgia, moved to transfer venue from Ohio to Georgia. *Id.* at *2. The Atlanta defendants did not explain why the Ohio court could not appropriately resolve their dispute and could not demonstrate that their case presented a localized controversy. *Id.* at. *3. Simply residing and operating their business in Atlanta did not make the case a localized controversy. *Id.* Although a party may be dissatisfied with the litigation forum, it is not the Court's task to "save [the party] from the consequences of an agreement it freely entered into." *Preferred Capital, Inc.*, 453 F.3d at 723–24.

Plaintiff asserts that by transferring her case to Texas, she will be precluded from litigating her Ohio claims in Ohio; although this is true, she is not prevented from bringing these

5

claims in Texas and is not deprived of her day in court simply because she is an Ohio resident. (*Id.*) Like the Atlanta defendants opposing the forum selection clause in *Thiede*, Plaintiff does not offer any evidence that the Western District of Texas – Austin could not appropriately resolve this dispute or that this is a localized controversy. Even more, Plaintiff admits she consented to the forum selection clause in the Offer Letter, and there is a strong public interest in applying contracts as they are written and abiding by parties' expectations. In short, Plaintiff has not demonstrated that this is a "most exceptional case" that deprives the forum selection clause of controlling weight.

## IV.    DISPOSITION

In sum, for the foregoing reasons, the undersigned finds the Offer Letter's forum selection clause to be valid and enforceable against Plaintiff and that the relevant factors under 28 U.S.C. § 1404(a) favor transfer. As a result, Defendants' Motion to Transfer Venue to the United States District Court for the Western District of Texas – Austin (ECF No. 6) is **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the United States District Court for the Western District of Texas – Austin Division for further proceedings.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

6